

**FILED**
3/5/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

SMB **24CR119**

JUDGE THARP JR.
MAGISTRATE JUDGE FUENTES

**RANDOM/CAT 3**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | <u>Violation</u>: Title 18, |
| v. | ) | United States Code, |
| | ) | Section 1343 |
| KATHLEEN STACHNIK | ) | |

The ACTING UNITED STATES ATTORNEY charges:

**Background**

1. At times relevant to this information:

    a. Defendant KATHLEEN STACHNIK was the officer manager and bookkeeper for an architectural firm ("the victim firm") in Evanston, Illinois.

    b. STACHNIK's office duties included bookkeeping, accounting, billing, and other responsibilities related to office management and administration.

    c. Among the responsibilities entrusted to STACHNIK by the owners of the victim firm were preparing checks to pay vendors and business expenses, making appropriate check reconciliations and entries in the victim firm's accounting records, and properly maintaining the firm's financial books and records in the firm's databases.

    d. STACHNIK did not have authority to sign checks on behalf of the victim firm or its owners. STACHNIK was required to bring all checks to one of the victim firm's owners for his approval and signature.

## The Fraud Scheme

2.    Beginning no later than in or about 2013, and continuing until in or about March 2020, at Evanston, in the Northern District of Illinois, Eastern Division, and elsewhere,

### KATHLEEN STACHNIK,

defendant herein, devised, intended to devise, and participated in a scheme to defraud and to obtain money from the victim firm by means of materially false and fraudulent pretenses, representations, and promises, as described below.

3.    It was part of the scheme that STACHNIK defrauded the victim firm by writing business checks payable to herself, falsifying the firm's books and records to reflect that the checks were issued for purposes of paying vendors and business expenses, and then depositing the checks into one or more of her personal bank accounts, where she converted the victim firm's money to her own personal use, in an amount totaling at least $1,289,823.

4.    It was further part of the scheme that STACHNIK routinely wrote false business checks payable to herself, on about a weekly or bi-weekly basis, against the victim firm's bank account.

5.    It was further part of the scheme that STACHNIK wrote the false checks in odd dollar amounts, in amounts less than $5,000, and at times placed false alphanumeric characters in the memo portion of the checks, to mislead the owners of the victim firm into believing that she had issued the checks for purposes of paying legitimate invoices and expenses of the victim firm.

6. It was further part of the scheme that STACHNIK fraudulently induced the owners of the victim firm to sign the false checks that she had created.

7. It was further part of the scheme that STACHNIK endorsed the false checks that she had issued to herself and deposited them into one or more of her own personal bank accounts, without the knowledge and consent of the owners of the victim firm.

8. It was further part of the scheme that STACHNIK converted the victim firm's funds to her own personal use, such as by paying credit card bills and other personal expenses with the victim firm's funds.

9. It was further part of the scheme that STACHNIK created false entries in the books and records of the victim firm to reflect that the checks constituted payments to legitimate vendors for legitimate business expenses, when in fact, as she knew, the checks represented funds that she had embezzled from the victim firm.

10. It was further part of the scheme that STACHNIK concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence of the scheme, the purposes of the scheme, and the acts committed in furtherance of the scheme.

11. As result of STACHNIK's false and fraudulent representations and acts, the victim firm suffered losses in an amount totaling at least $1,289,823.

## Execution of the Scheme

12. On or about December 6, 2019, in the Northern District of Illinois, Eastern Division, and elsewhere,

KATHLEEN STACHNIK,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transmission from STACHNIK's bank in the Northern District of Illinois to facilitate the processing of a check through the Federal Reserve system, which check had been written by STACHNIK against the victim firm's bank account, in the amount of $2,974.11, and deposited by her into one of her own personal bank accounts;

In violation of Title 18, United States Code, Section 1343.

JASON YONAN
Digitally signed by JASON YONAN
Date: 2024.02.22 08:22:49 -06'00'

_____
Signed by Jason Yonan on behalf of the
ACTING UNITED STATES ATTORNEY